## Hugh Murphy *v.* The Mutual Benefit Life and Fire Insurance Company.

*The payment of a policy upon the life of a slave was resisted, upon the ground of the existence of a chronic disease in the slave at the time of effecting the insurance. The evidence, on the part of the defence, rested principally upon the opinions of physicians from a* post mortem *examination, made fifteen hours after the death. The slave was examined at the time of making the insurance, by a physician of the company; and was proved not to have been sick before, by the physician who practiced in the negro-yard from which he came. Held: The Insurance Company was liable on the policy.*

APPEAL from the First District Court of New Orleans, *Larue*, J. *Brewer* and *Purvis*, for plaintiff. *Howard* and *Goold*, for defendants. The judgment of the court was pronounced by

PRESTON, J. The defendants insured the life of a slave belonging to the plaintiff for one year, from the 21st of June, 1850. He died on the 23rd of October, 1850. The policy contained a condition, that he should have had no chronic disease at the time of the insurance. By a *post mortem* examination, made fifteen hours after his death, physicians came to the conclusion that he died of chronic inflammation of the intestines, and ulceration. One of the physicians attended on him in July, for diarrhea and fever. He became convalescent. He attended him again in October, during his last illness.

There is not sufficient evidence, that the chronic inflammation of the intestines and ulceration existed at the time his life was insured. The diarrhea and fever of July are not proved to be chronic diseases. It is true, in the *post mortem* examination, the opinion is expressed, that the disease of which he died was of long standing. These are very indefinite terms; and do not necessarily show that the disease existed in June, when the insurance was effected. Internal inflammations tend rapidly to dissolution, in this climate; and fifteen hours of mortification, before the examination, may have made great ravages on the intestines.

We have frequently been called upon to presume the existence of diseases long anterior to death, from *post mortem* examinations; but have generally been unable to do so, without some corroborating proof or circumstances. *Succession of Dupré* v. *Prescot et al. Decaux* v. *Laby. Dupres* v. *Desmoret.*

In this case, on the contrary, there is strong evidence to counteract the presumption. The slave was examined at the time of the insurance by the physician of the defendants, who was satisfied with his health. He had just been purchased from a negro trader, in whose depot *Dr. Carr* was the attending physician. The doctor saw him daily for some months before and on the very day he was sold, when he appeared to be in perfect health; and if he had been sick before, he would have known it.

The evidence abundantly supports the judgment of the district court, and it is affirmed, with costs.